FILED
SUPERIOR COURT
OF GUAM

2024 MAY 29 PM 3: 40

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0678-23** |
| vs. | **DECISION AND ORDER** |
| *JUSTIN PETER BENAVENTE,* | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 5, 2024, for hearing on Defendant Justin Peter Benavente's ("Defendant") Motion to Compel Production of Discovery; Motion for Leave to Depose Witness. Present were Defendant with counsel, Joaquin C. Arriola, Jr. and Assistant Attorney General Sean E. Brown on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on May 28, 2024, the Court now issues the following Decision and Order DENYING Defendant's Motion to Compel Production of Discovery; Motion for Leave to Depose Witness.

## BACKGROUND

On October 27, 2023, Defendant was indicted with one count of Third Degree Criminal Sexual Conduct (As a Second Degree Felony).[1] (Indictment, Oct. 27, 2023). This charge stems from allegations that Defendant engaged in sexual penetration with T.F. (DOB: 10/19/1989) on

---

[1] The Indictment also charges Co-Defendant Scott Duenas III with Third Degree Criminal Sexual Conduct (As a Second Degree Felony) – Two Counts.

or about August 25, 2023, when he knew or had reason to know that she was mentally defective or mentally incapacitated or physically helpless. *Id.*

On October 26, 2023, Defendant filed a Request for Discovery and Notice of Defenses.

On January 30, 2024, Defendant filed the instant Motion.

On February 20, 2024, the Government filed its Opposition.

On February 27, 2024, Defendant filed his Reply.

On March 5, 2024, the Court heard arguments from the parties and subsequently placed the matter under advisement. The Court also directed Defendant to file certain documents under seal in support of the Motion.

On March 6, 2024, Defendant submitted exhibits under seal in support of the Motion to Compel Production of Discovery and Motion for Leave to Depose Witness.

## DISCUSSION

Defendant moves the Court to compel the Government to provide certain enumerated items of discovery pursuant to 8 G.C.A. § 70.10, including:

> the results of any testing, inspection, analysis or investigation of any evidence seized; identification of any expert witness (as well as their reports and qualifications); identification of 'any and all character evidence intended for use at trial or received by the People in this case under GRE 404(b); and any and all sex offense cases evidence under GRE 412, 413, 414, and 415,' . . . any statements of other witnesses identified in discovery, including witnesses present with the alleged victim that evening and weekend, any witnesses who encouraged and assisted her in reporting the sexual assault; and any reports, investigations, inspections or analysis of the alleged victim's cellphone, from which select exhibits have been provided by the victim.

(Mot. Compel at 3, Jan. 30, 2024). Defendant also moves the Court for an order compelling production of and access to the alleged victim's cellphone for inspection under 8 G.C.A. § 70.15 and to depose the alleged victim pursuant to 8 G.C.A. § 70.50. *Id.* at 5-6.

At the Motion Hearing, the Government set forth that it generally did not oppose the Motion to Compel Discovery and indicated that it would continue to provide discovery as it

received it.[2] The Government, however, objected to Defendant's request to compel production of the alleged victim's cell phone and to depose her prior to trial.

The first issue before the Court is Defendant's request to "inspect and analyze the victim's cellphone." (Mot. at 5). Defendant "seeks an Order for the production of, to access, review and analyze the victim's cellphone, and further Order that the victim not delete any evidence related to this case pending review." *Id.* at 6. At the Motion Hearing, the Government indicated to the Court that it was not in possession of the cellphone. The Government further argued that any text messages[3] between the alleged victim and Defendant were already in Defendant's possession as he was a party to the text messages. In reply, Defendant argued that he was not only seeking text messages but also photographs and receipts of the alleged victim's activities the night of the incident that may be contained in the cellphone and that such evidence is exculpatory.

As a preliminary matter, the Court notes that "[t]here is no general constitutional right to discovery in a criminal case." *People v. Orallo,* 2004 Guam 5 ¶ 9 (quoting *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977)) (alteration in original). "[T]he right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *Id.* (quoting *Cole v. State,* 835 A.2d 600, 608 (Md. 2003)). Guam law provides that upon a defendant's noticed motion, the court must order the prosecutor to disclose information enumerated under 8 G.C.A. § 70.10 that is "within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney." 8 G.C.A. § 70.10(a). "This material includes, among other things, written or recorded statements made by victims, likely witnesses and the defendant, as well as generally exculpatory

---

[2] The Government is reminded that it has a continuing duty to disclose any additional material or information discovered pursuant to 8 G.C.A. § 70.40. Failure to comply with Guam's discovery statutes may result in the prohibition of the use of undisclosed evidence at trial or the entry of any other order that is just under the circumstances. *See* 8 G.C.A. § 70.45; *People v. Nego,* 2021 Guam 3 ¶ 15 ("A range of sanctions can be imposed for discovery violations, including granting a continuance, prohibiting the party from introducing the belated disclosures as evidence, holding counsels in contempt (including the Attorney General and/or Chief Prosecutor), imposing fines, dismissing the indictment, or using any other order the trial court considers just under the circumstances.").

[3] It is not entirely clear to the Court whether regular SMS text messages were sent between Benavente and T.F. or if they were WhatsApp messages, messages sent with another phone application, or a combination. References to WhatsApp messages were made at the Motion Hearing.

material. Notes made by police officers in the course of an investigation, both in the field and in conducting interviews, are also discoverable." *People v. Naich*, 2013 Guam 7 ¶ 25 (citations omitted).

"The disclosure of exculpatory evidence is required by section 70.10(a)(7) which codifies and expands upon the constitutional due process requirement, set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution must disclose evidence favorable to the defendant which is material to guilt or punishment." *Orallo,* 2004 Guam 5 ¶ 12. *Brady* evidence "includes impeachment evidence relating to government witnesses." *People v. Fisher,* 2001 Guam 2 ¶ 12 (citing *United States v. Bagley,* 473 U.S. 667, 676 (1985)). "In addition to these mandatory disclosures, the court may order, in its discretion, that the prosecution turn over other evidence upon a showing of materiality to the preparation of his defense and that the request is reasonable." *People v. Mateo,* 2017 Guam 22 ¶ 15 (quoting 8 G.C.A. § 70.15(a)). "[U]nder both sections 70.10 and 70.15, as well as our holding in *Tuncap*, a threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15)." *Id.*

In this case, the alleged victim's cellphone is not in the possession of the Government; it is in the possession of the alleged victim. "[C]ooperating witnesses . . . stand in a very different position in relation to the prosecution than do police officers and other governmental agents. The Supreme Court in this regard relied directly on the fact that 'the prosecutor has the means to discharge the government's Brady responsibility if he will.' That is not necessarily the case with regard to cooperating witnesses." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (quoting *Kyles v. Whitley,* 514 U.S. 419, 438 (1995). "*Brady* is concerned only with cases in which the government possesses information which the defendant does not. Further, there is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (citation and internal quotation marks omitted). Here, Defendant was a party to the messages between himself and T.F.

and therefore should also have that information available to him. As to any photographs and receipts that may be on the phone, "*Brady* ... does not require the government to act as a private investigator and valet for the defendant, gathering evidence and delivering it to opposing counsel." *United States v. Meregildo*, 920 F. Supp. 2d 434, 445 (S.D.N.Y. 2013), *aff'd sub nom. United States v. Pierce*, 785 F.3d 832 (2d Cir. 2015). "While a prosecutor cannot avoid his *Brady* obligations by keeping himself in ignorance or compartmentalizing information, *see Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir.1984), neither does the government have an affirmative duty under *Brady* to seek out information that is not in its or its agents' possession." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1231 (D.N.M. 2008). Therefore, the Court denies Defendant's request to order the Government to obtain the alleged victim's cell phone for defense's inspection.

The next issue before the Court is Defendant's request to depose the alleged victim prior to trial. *See* Mot. Compel at 6-7. Defendant indicates that his "investigation reveals that the victim consented to acts alleged." *Id.* at 6. The Government opposes, arguing that (1) neither party has a right to take a deposition; (2) Defendant has no right to cross-examine witnesses prior to trial; and (3) it would suffer unfair prejudice because of the danger of victim intimidation or harassment in depositions conducted outside the presence of the Court. *See generally*, Opp'n, Feb. 20, 2024. The Government sets forth that "[n]o prejudice will result from this Court denying the request to depose these witnesses, because they are available to testify at trial, and may be cross-examined by Defendant at that time in the presence of this Court." *Id.* at 4.

Under Guam law:

> Whenever due to special circumstances of the case it is in the interest of justice that any person be ordered to appear at a specified time and place to be examined under oath, the court may, upon noticed motion of any party, order such person to appear so that his testimony may be taken by deposition and further order that any designated book, paper, document, record, recording or other material not privileged, be produced at the same time and place.[4]

---

[4] Section 70.50 mirrors Rule 15(a) of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 70.50, Note ("Section 70.50 is based on former Rule 15(a) and former §§ 1335-1339" and further noting the changes in section 70.50 "are based on policies reflected in proposed Federal Rule 15 and ABA, Project on Standards for Criminal Justice Discovery and Procedure before Trial §2.5." FRCP Rule 15 provides in relevant part:

8 G.C.A. § 70.50. "One crucial difference between the Rules of Civil Procedure and the Rules of Criminal Procedure . . . is that, under the Rules of Civil Procedure, parties have the general ability to depose potential witnesses. In criminal cases, a party may only depose a person under special circumstances pursuant to 8 GCA 70.50 (2005)." *People v. Orallo*, 2006 Guam 8 ¶ 12 n. 2 (J. Torres, concurring) (internal citation omitted). "It is within the sound discretion of the trial court to grant or deny a motion to depose a proposed witness in a criminal trial." *People v. Ngirangas*, 806 F.2d 895 (9th Cir. 1986) (citing *United States v. Nichols*, 534 F.2d 202, 204 (9th Cir. 1976)). "The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions." *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (citation omitted).

Here, Defendant "seeks to depose the victim to discover and investigate her memory and claims of being 'mentally incapacitated' and 'physically helpless.'" (Mot. Compel at 6). Defendant indicates that she "must also be ordered to preserve the victim's state of mind and ability to remember details, or lack thereof, sooner rather than later." *Id.*

"Under the present rule [15,] references to the materiality of the testimony and the unavailability of the witness have been replaced with the phrase, 'exceptional circumstances.' This change was effectuated to ensure that the trial court exercised its discretion in determining whether a deposition should be taken under the particular circumstances presented."[5] *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991) (citing Notes of the Advisory

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

Fed. R. Crim. P. 15(a)(1). Accordingly, the Court may turn to federal case law interpreting the analogous federal rules for guidance. *See, e.g., Sumitomo Constr. Co., Ltd. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 7 ("Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction. This rule of construction is useful in helping the judiciary interpret statutes adopted from federal acts.").

[5] "Prior to the 1975 amendments, a deposition could be taken pursuant to Rule 15(a) under the following circumstances: (1) the witness' testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition was necessary to prevent a failure of justice." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991) (quoting *United States v. Whiting*, 308 F.2d 537 (2d Cir. 1962)).

*People v. Benavente*
Case No. CF0678-23
Decision and Order

Committee to Rule 15). "[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *Drogoul,* 1 F.3d at 1552 (citation omitted). Courts have found exceptional circumstances existing where a witness is ill, *see, e.g., United States v. Singleton,* 460 F.2d 1148 (2d Cir. 1972), in prison, *see, e.g., United States v. Sines,* 761 F.2d 1434 (9th Cir. 1985), in military service overseas, *see, e.g., State v. Stark,* 222 N.E.2d 794 (Ohio Ct. App. 1966), of advanced age, *see, e.g., United States v. Hagedorn,* 253 F.Supp. 969 (S.D.N.Y. 1966), or a fugitive from justice, *see, e.g., United States v. Wilson,* 601 F.2d 95 (3d Cir. 1979). None of these circumstances are alleged by Defendant. The Court finds that Defendant has not presented any special circumstances that would justify deposition of the alleged victim in this matter. Therefore, the Court DENIES Defendant's Motion for Leave to Depose Witness.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Compel Production of Discovery and Motion for Leave to Depose Witness. Parties shall return for a Status Hearing on June 18, 2024 at 9:30 a.m.

**IT IS SO ORDERED** this 29TH day of May, 2024, *nunc pro tunc* to May 28, 2024.

HONORABLE VERNON P. PÉREZ
Judge, Superior Court of Guam